# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JGA DEVELOPMENT, LLC and
KINGSWAY BUILDERS, INC.,
a Michigan Corporation,

        Plaintiffs,

                                              CIVIL NO. 05-70984

v.                                          HON. LAWRENCE P. ZATKOFF

CHARTER TOWNSHIP OF FENTON,
a Michigan Municipal Corporation,

        Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 9, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Extend Page Limitation of Reply Brief [dkt. 22] and Plaintiff's Motion to File a Sur-Reply [dkt. 25]. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion is GRANTED IN PART and Plaintiff's Motion is DENIED.

## II. BACKGROUND

On December 6, 2005, Defendant filed a Motion to Dismiss and a Motion for Summary Judgment.  Plaintiff filed Responses to both Motions.  Defendant filed a Reply in support of its Motion to Dismiss.  Defendant also filed a Motion to Extend Page Limitation of Reply Brief in support of its Motion for Summary Judgment.

Plaintiff then filed a Motion to File a Sur-Reply.  Defendant filed a Response to the Motion to File a Sur-Reply, and Plaintiff filed a Reply to Defendant's Response.

### III.  ANALYSIS

Local Rule 7.1(cd)(3)(B) states that reply briefs may not exceed five pages.  Defendants ask permission to file a reply brief of ten pages.  Defendants note that Plaintiff's Complaint contains 121 paragraphs, and eight separate counts.  Defendant also argues that the case presents a question of law that has not been squarely addressed by any prior court.  Although Defendant does not specify the issue, it is presumably referring to an owner's property interest in PUD zoning.  Defendant also seeks to introduce a number of affidavits with its Reply.

The Court will accept Defendant's ten page Reply brief for the purpose of reviewing the legal arguments contained therein.  However, the Court will not consider the affidavits submitted with the brief.  It appears to the Court that both parties are attempting to litigate factual issues through a "battle of affidavits."  Plaintiff, in its Motion to File a Sur-Reply, requests permission to file additional affidavits to counter Defendant's additional affidavits.  However, both parties had an opportunity to support their factual contentions in their initial motions and responses, and at some point the filing must stop.

For the same reason, Plaintiff's Motion to File a Sur-Reply is denied.  Defendant is entitled to have the last word on its Motions.  Plaintiff contends that Defendant raises new

arguments in its Reply brief.  The Court finds that argument unpersuasive.  As Defendant points out, its original Motion sought summary judgment on all counts.  Defendant's primary argument in its initial Motion regarding the procedural and substantive due process claims was that Plaintiff did not possess the necessary property interest.  Defendant's Reply brief could possibly be read to advance a new argument when it states Plaintiff "cannot sustain a substantive due process claim for the reason that the Township's rezoning is rationally related to accepted land use principles such as preserving open space and avoiding overcrowding."  Defendant's Reply Brief at 4.  This brief statement is the extent of Defendant's argument on this issue, however.  The Court notes that Plaintiff already addressed the "rationally related" argument, albeit in a slightly different context, in its initial Response.  Plaintiff's Response Brief at 12-16.  The Court finds that further argument on the issue would not be useful.

Plaintiff also seeks to depose the experts who submitted affidavits with Defendant's Reply brief.  However, the request is moot, because the Court is not considering those affidavits.

## IV.  CONCLUSION

For the above reasons, Defendant's Motion to Extend Page Limitation of Reply Brief is GRANTED IN PART.  Plaintiff's Motion to File a Sur-Reply is DENIED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2006

CERTIFICATE OF SERVICE

3

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 9, 2006.

                                                              s/Marie E. Verlinde
                                                              Case Manager
                                                              (810) 984-3290