**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JGA DEVELOPMENT, LLC and
KINGSWAY BUILDERS, INC.,
a Michigan Corporation,

    Plaintiffs,

                CIVIL NO. 05-70984
v.                HON. LAWRENCE P. ZATKOFF

CHARTER TOWNSHIP OF FENTON,
a Michigan Municipal Corporation,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendant's March 23, 2006 Motion for Reconsideration. In the Motion, Defendant challenges an aspect of the Court's March 9, 2006 Opinion and Order. The Court allowed Plaintiff to respond to the Motion. For the reasons set forth below, Defendant's Motion is DENIED.

**I. Introduction**

On March 9, 2006, the Court granted in part Defendant's Motion for Summary Judgment. Counts III, IV, VII, and VIII of Plaintiff's Complaint were dismissed with prejudice. Count VI was dismissed without prejudice. Counts I, II, and V were remanded to Genesee County Circuit Court. Defendant does not challenge the Court's resolution of the case. Rather, Defendant challenges one aspect of the Court's holding. Regarding Plaintiff's substantive and procedural due process claims,

the Court held that Plaintiff possessed a constitutionally protected property interest.[1] Defendant claims that holding was palpable error.

## II. Discussion

Defendant argues that the Court's holding on Plaintiff's property interest contradicted both an earlier portion of the opinion and settled Michigan law. However, this claim is without merit. The Court began its analysis of Plaintiff's property interest by noting that under Michigan law, property owners do not have an inherently vested property right in the zoning of their property. To obtain vested property rights in a zoning classification, the owner must obtain a building permit and begin construction. *Schubiner v. West Bloomfield Township*, 133 Mich. App. 490, 501 (1984). The Court noted that Plaintiff had neither obtained a building permit nor begun construction.

However, the Court held that the zoning ordinance at issue did give Plaintiff the right to proceed through the planning phase. The ordinance stated that "[a]pproval of the conceptual PUD plan *shall confer upon the owner the right to proceed through the subsequent planning* phase for a period not to exceed three (3) years from date of approval." Fenton Township Zoning Ordinance Art. 3 Sec. 3.21(E)(h) (emphasis added). Defendant argues that "the Court should not get hung up on the words 'confer' and 'right.'" Defendant's Brief at 9. Defendant asks "[i]f the ordinance had instead substituted the word "permission" for "the right," would the Court have reached the [same conclusion]?" Defendant's Brief at 9, n.5. The Court fails to see how the interpretation of a hypothetical ordinance is relevant to the interpretation of the actual ordinance. The Court is likewise disinclined to accept Defendant's invitation to substitute its words for the ones currently in the

---

[1] The Court went on to hold, however, that Plaintiff's substantive and procedural due process rights were not violated by Defendant.

ordinance. Defendant argues that the Township did not intend the ordinance to confer rights upon property owners. However, the Court finds it unnecessary to divine the intentions of the Township, because the language of the ordinance is plain: approval of the PUD plan "shall confer upon the owner the right to proceed." The Court is not free to alter the plain language of the ordinance based upon speculation as to what the Township really meant.

Defendant also argues that individuals cannot have property interests in government procedures. The Court agrees that there is no abstract property right in government procedures. However, a state or local government is free to create whatever type of right it wishes. In *Board of Regents v. Roth*, 408 U.S. 564 (1972), the Supreme Court held that "[t]he Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. These interests -- property interests -- *may take many forms*." *Id.* at 576 (emphasis added). The Supreme Court further held that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577.

In the instant case, the benefit claimed by Plaintiff was the ability to proceed through the planning phase. Plaintiff had more than a unilateral expectation of this benefit- the plain language of the zoning ordinance gave Plaintiff a legitimate claim of entitlement to it.

Defendant argues that the ordinance cannot be read as granting Plaintiff an entitlement, because that interpretation would contradict Michigan law regarding the vesting of property rights in zoning classifications. In the same vein, Defendant claims that the Court's Opinion is internally contradictory. However, Defendant is posing a false dichotomy. There is no conflict in recognizing

3

that an owner must obtain a building permit and begin construction to obtain vested rights in a zoning classification, and that an owner may receive an entitlement to proceed through the planning phase. The ordinance does not state, and the Court did not hold, that the owner of a PUD has vested development rights in the zoning of the property. The entitlement granted by the ordinance, and recognized in the Court's ruling, is narrow, and merely gives the owner the right to proceed through the planning phase. This does not contradict the principle that an owner must obtain a building permit and begin construction to obtain vested development rights.

Because the Court's ruling did not contain palpable error, Defendant's Motion for Reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: May 31, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 31, 2006.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290